CLOVEPORT COAL & OIL COMPANY *v.* WILLIAM KINGSBURY.

**Liability of Corporations.**
> The capital and property of a corporation, although it may have ceased to exist, is a trust fund for its creditors, and will be seized by a court of equity and applied to the payment of its debts.

**Statute of Limitations.**
> When, by reason of the dissolution of a corporation, and its officers, agents and managers having left the state, there was no one left upon whom to serve process, the statute of limitations ceased to run against one having a cause of action against it.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

#### November 12, 1878.

OPINION BY JUDGE PRYOR:

The rule of the common law, say Angell & Ames on Corporations, in relation to the debts of a corporation, has become obsolete and odious, and at this day the equitable rule is that the capital and property of a corporation, although it may have ceased to exist, is a trust fund for its creditors and will be seized by a court of equity and applied to the payment of its debts.

There is no pleading in this case alleging any other indebtedness by this corporation than that asserted by the appellee, and no suggestion of record that this case go to the master to adjust the affairs of the corporation. The record may show an indebtedness other than the claim asserted, but these creditors are not before the court or asking any relief, and besides, if they have a claim in the trust fund this judgment cannot prejudice the rights of the appellants, as they are not creditors.

The fact that there was no one to sue after the year 1862, by reason of the dissolution of the corporation and its managers, agents and stockholders leaving the state at that time, obstructed the right of recovery or the remedy afforded the appellee, and the statute ceased to run against his claim. It is evident that the appellant prosecuted the action on the notes without any authority, and when it was not the real owner. It has not attempted, although the sale made to it was affirmed as late as the year 1862, and the charge of fraud and want of ownership distinctly made, to show any other evidence of its right to the notes than the bare assignment. The testimony of Adams and Bennett, the only parties outside of the corporation who ought to have some knowledge of the transaction,

conduces to the conclusion that these notes did not belong to the appellant, and if they did some of the officers or stockholders of the corporation could have given a statement of the manner in which the appellant became the owner, and relieved this case of the mystery in regard to the notes for which the land in controversy was sold.   The account of the appellee is proven at least to such an extent as warranted the judgment below.

The original action instituted by the appellee for the recovery of the land by reason of a sale under a former attachment for the same debt, is no bar to the recovery here.   That record shows an offer to litigate this question, and at the instance of the appellant or its tenant the amended pleading presenting the issue was refused to be filed.   The tenant of appellant had entered under a purchase made from the defunct corporation, and the court in that case said, in substance, it mattered not how much fraud was practiced by the appellant with reference to the land, the appellee must seek his remedy against the appellant in an original action.   The sale of this land was confirmed to appellant in 1868.   The notes are assigned without date to the assignment.   Appellee says that he did not discover the fraud of the appellant until Adams and Bennett testified, and we think the statute has not run against either the account or the right of the creditor to assert his claim against the trust fund.   The judgment is therefore *affirmed*.

Kinchelve & Eskridge, for appellant.
Williams & Brown, for appellee.